# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ZAIGANG LIU,                                    )
                                                )
        Plaintiff,                        )
    v.                                        )   CIVIL ACTION NO. 07-263 (EGS)
                                                )
PAUL NOVAK, et al.                              )
                                                )
        Defendants.                       )

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN OPPOSTION TO MOTION TO DISMISS AND
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Thomas A. Elliot, Esquire
D.C. Bar No. 259713
Elliot & Mayock, LLP
1629 K Street, N.W., Suite 1250
Washington, DC 20006-1641
(202) 429-1725


Lawrence H. Rudnick, Esquire
PA Bar No. 21642
Steel, Rudnick and Ruben
1608 Walnut Street, Suite 1500
Philadelphia, PA 19103
(215) 546-4333

Attorneys for Plaintiff, Zaigang Liu


Dated: May 16, 2007

## TABLE OF CONTENTS

Page

I.      INTRODUCTION                                                    1

II.     STANDARD OF REVIEW FOR MOTION TO DISMISS                        3

III.    ARGUMENT                                                        3

        A.      Statutory Framework                                     4

IV.     THE COURT IS NOT DEPRIVED OF JURISDICTION BY INA
        §242(a)(2)(B)(ii), 8 U.S.C. §1252(a)(2)(B)(ii)                  6

V.      SECTION 1252(g) DOES NOT PRECLUDE JURISDICTION                  13

VI.     MANDAMUS JURISIDCTION VESTS BECAUSE THE
        DEFENDANTS OWE A CLEAR NON-DISCRETIONARY
        DUTY TO ADJUDICATE THE APPLICATION WITHIN
        A REASONABLE TIME                                               14

VII.    THE PLAINTIFF HAS A CLAIM FOR RELIEF UNDER THE APA              14

VIII.   CONCLUSION                                                      17

## TABLE OF CASES

Page

*Aboushabna v. Mueller*, 2007 W.L. 582550 (M.D. Cal., Feb. 23, 2007)    10

*Ahmed v. Gonzalez*, 447 F.3d 433, 436 (5th Cir. 2006)    8

*Alaka v. Attorney General of the U.S.*, 456 F.3d 88 (2006)    8

*Alkenani v. Barrows*, 356 F Supp.2d 652 (N.D. Tex.)    12

\*  *Beyond Pesticides v. Johnson*, 407 F.Supp.2d 38 (D.C. DC, 2005)    16

*Blacher v. Ridge*, 436 F.Supp.2d 602 (S.D. NY, 2006)    11

*Brock v. Pierce County*, 476 U.S. 253 (1986)    15

\*  *Castracani v. Chertoff*, 377 F.Supp.2d 71 (D.D.C., 2005)    11

*Dabone v. Thornburgh*, 735 F. Supp. 195 (E.D. Pa. 1990)    10

*Danilov v. Aguirre*, 370 F. Supp. (E.D. Va. 2005)    10

\*  *Duan v. Zanberry*, 06-1351, 2007 U.S. Dist. Lexus 12697
(W.D. Pa., Feb. 23, 2007)    9, 12

*Elmalky v. Upchurch*, 2007 W.L. 944330 (N.D. Tex. 2007)    10

*Gelfer v. Chertoff*, 2007 W.L. 902238 (N.D. Cal., Mar. 22, 2007)    10

*Haidari v. Frazer*, No. 06-3215, 2006 U.S. Dist. Lexus 89177
(D. Min., Dec. 8, 2006)    9

*Heckler v. Cheney*, 470 U.S. 821 (1985)    15

\*  *Iddir v. INS*, 301 F.3d 492 (7th Cir. 2002)    9

*INS v. St. Syr*, 533 U.S. 298, 304-05 (2001)    7

*Kale v. U.S. INS*, 37 Fed. Appx. 90, 2002 W.L. 1022012 (5th Cir. 2002)    12, 13

*Khan v. Attorney General of the U.S.*, 448 F.3d 226    8

*Mustafa v. Pasquerell*, 2006 W.L. 488399 (W.D. Tex. 2006)    11

*Norton v. So. Utah Wilderness Alliance*, 542 U.S. 55 (2004)          15

*Paunescu v. INS*, 76 F.Supp.2d 896, 901 (N.D. Ill., 1999)          9

\*    *Pinho v. Gonzales*, 432 F.3d 193, 202 (3rd Cir. 2005)          3, 8

*Reno v. American-Arab Anti-Discrimination Commission*,
525 U.S. 471, 482 (1999)          7, 12

*Safadi v. Howard,* 466 F.Supp.2d, 696 (E.D. Va., 2006)          10

*Sepulveda v. Gonzalez*, 407 F.3d 59, 62-63 (2nd Cir. 2004)          8

*Singh v. Gonzalez*, 413 F.3d 156 (1st Cir. 2005)          8

*Singh v. Still*, 470 F. Supp.2d 1064          10

*Soltane v. U.S. Dept. of Justice*, 381 F.3d 143, 146-148 (3rd Cir. 2004)          12

\*    *Song v. Klapakas,* C.A. No. 06-05589 (E.D. Pa., April 12, 2007)          9, 12

*Spencer Enterprises, Inc. v. United States*, 345 F.3d 683 (9th Cir. 2003)          7

*Succar v. Ashcroft*, 394 F.3d 8 (1st Cir. 2005)          7

*Telecommunications Research & Action Center v. FCC*,
242 U.S. App. DC 222, 750 F.2d 70, 79-80 (DC Cir. 1984)          16

*Yu v. Brown,* 36 F.Supp.2d 922, 931 (D. N.M. 1999)          9

*Willis-Gomez v. Meissner*, 879 F. Supp. 1120 (W.D. Okla., 1995)          12

*Zahini v. Neufeld*, 2006 W.L. 2246211 (M.D. Fla., 2006)          11

*Zhu v. Gonzalez,* 411 F.3d 292 (D.C. Cir. 2005)          6

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ZAIGANG LIU, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 07-263 (EGS) |
| | ) |
| PAUL NOVAK, et al. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSTION TO MOTION TO DISMISS AND
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

I.      **INTRODUCTION**

Defendants, Paul Novak, Emilio Gonzalez and Robert Mueller have moved to

dismiss Plaintiff's Complaint for lack of jurisdiction under Federal Rules of Civil

Procedure 12(b)(1) and under Federal Rule 12(b)(6) for failure to state a claim for relief.

Contrary to Defendants' Motion, this Court has jurisdiction and the Plaintiff states a

claim for which relief may be granted.  Further, the Plaintiff is entitled to summary

judgment as a matter of law based on the uncontraverted facts as set forth in the attached

Motion for Summary Judgment and attached Statement in Support of Motion for

Summary Judgment.

The material facts in this matter are not in dispute.  The facts are set forth in detail

in the attached Statement in Support of Motion for Summary Judgment and are

incorporated by reference.  Briefly, the Plaintiff is a national of China who is lawfully

present in the U.S. and who has applied for adjustment of status to lawful permanent

residence.  He submitted that application on July 23, 2003 as a derivative beneficiary of

his wife, Lu Zhang.  The application of his wife was approved on November 23, 2004.

The process of applying for permanent residence status includes the capturing by the USCIS of biometrics information taken in the form of electronic fingerprinting and capturing of the individual's identity. The fingerprint identification is required by law. *See, Act* August 26, 1994, P.L. 103-317, Title V, §506(d), 108 Stat. 1766 which provides "the Immigration and Naturalization Service (now USCIS) shall conduct full fingerprint identification checks through the Federal Bureau of Investigation for all individuals over 16 years of age adjusting immigration status in the U.S. pursuant to this Section. (Amending the Section, 8 U.S.C. §1182, and §1182 n.)." This is the sole statutory basis for the review conducted by the USCIS of an individual's background.

In addition, the USCIS has since 2002 conducted additional security checks to that which is statutorily required. As set forth in the fact sheet dated April 25, 2006, which is part pp. 8-10 of the Government's Exhibit 2, the FBI fingerprint checks (biometrics) are not at issue in this matter. What is at issue are the additional FBI name checks which are not required by statute. As further explained in the attachment, the name check is totally different from the FBI fingerprint check. According to the USCIS, about 80% of the cases are resolved within two weeks and of the remaining 20%, they are resolved within six months. Less than 1% remain pending longer than six months.

While some of the cases involve complex highly sensitive information, there is no indication that Zaigang Liu is such an individual. To the contrary, the Declarations attached to the government's motion indicate to the contrary. Exhibit 1, which is the Declaration of Bradley J. Brouillette (henceforth, Brouillette Declaration) states that the Plaintiff's application remains pending the completion of security checks. There is no indication of any ongoing investigation of any kind. Further, Exhibit 2 which is the

Declaration of Michael A. Cannon (henceforth, Cannon Declaration) indicates that the Plaintiff's name check was received on March 30, 2004 and has not been completed. Cannon Declaration at ¶ 22.

The government provides no assurance that the FBI name check for the Plaintiff will ever be completed. It is the position of the Defendants that no timeframe applies and that the Defendants are under no obligation to ever complete the name check and that the Plaintiff can be relegated to Immigration limbo indefinitely if not forever. This extreme assertion of executive authority is as set forth below contrary to the Administrative Procedures Act, as well as concepts of separation of powers. *See, Pinho v. Gonzales*, 432 F.3d 193, 202 (3rd Cir. 2005).

## II.     STANDARD OF REVIEW FOR MOTION TO DISMISS

It is of course, axiomatic that in the context of the Motion to Dismiss, the Plaintiff's allegations are taken as true and all ambiguities or doubts are resolved in favor of the pleader. The Defendants assert that under Rule 12(b)(1), the Court may go beyond the allegations of the Complaint. Memorandum of Points and Authorities in Support of Motion to Dismiss (hereinafter, Memorandum of Defendants) at p. 4. The government argues that the Court may properly take judicial notice of Court records without converting the Motion into one for summary judgment. The relevance of this assertion is not clear. The Defendants are not suggesting that the Court take judicial notice of any facts. Instead, the government has put forward two Declarations in support of the Motion. Surely, these Declarations do not come under judicial notice. In any event, it is agreed that the Court may consider undisputed facts in the record in deciding the Motion.

## III.     ARGUMENT

### A.    Statutory Framework

The government focuses solely on §245 of the INA, 8 U.S.C. §1255 (hereinafter referred to as §245) noting that the ultimate relief of adjustment of status is discretionary and that there is no specific timeframe indicated in the statute or regulations.  Omitted from this discussion is the Administrative Procedures Act.  The Administrative Procedures Act provides for judicial review of agency action at 5 U.S.C. §701(a) except where a statute precludes judicial review or agency actions are committed to agency discretion by law.  The government argues both of these exceptions which will be addressed below.  The Plaintiff is seeking judicial review under §701 and under §706 which addresses the scope of review.  Section 706 authorizes a review in Court to decide relevant questions of law and determining the meaning or applicability of the terms of an agency action.  The Court is authorized to compel agency action unlawfully withheld or unreasonably delayed.  §706(1).  Agency action is defined at 5 U.S.C. §551(13) to include agency rule, order, license, sanction, relief or the equivalent or denial thereof, or **failure to act** (emphasis added).  Thus, the Administrative Procedures Act authorizes judicial review of agency's failure to act where that action is unlawfully withheld or unreasonably delayed.  Only if the Court is deprived of jurisdiction under §701 because a statute precludes judicial review or agency action is committed to agency discretion by law would the Plaintiff be deprived of judicial review.

In addition to §551(13), 5 U.S.C. §555(b) states:

"With due regard for the convenience and necessity of the parties or their representatives and **within a reasonable time** (emphasis added), each agency shall proceed to conclude a matter presented to it."

Clearly, the APA contemplates and requires that an agency complete action within a reasonable time and that a failure to act is agency action that is reviewable under §701. As noted above, the APA specifically authorizes review by a court to "compel agency action" unlawfully withheld or unreasonably delayed;" 5 U.S.C. §706(1). Further, the APA announces a right to review for any person suffering legal wrong because of agency action. 5 U.S.C. §702.

Section 245 of the INA and the implementing regulations at 8 C.F.R. §245(a)(1) and (2) provides a mechanism for an individual lawfully present in the U.S. to apply to change status to that of a lawful permanent resident. Lawful permanent residence confers substantial benefits to an individual including the right to reside indefinitely and to work in the United States. *See* §101(a)(20) of the INA, 8 U.S.C. §1101(a)(20). In addition, after five years of permanent residence, an individual can apply for U.S. citizenship. *See,* §316(a) of the INA, 8 U.S.C. §1427(a). Clearly, the deprivation of permanent residence status results in significance disabilities to the applicant.

Finally, before turning to the government's jurisdictional claims, it should be noted that simply because §245 does not have a specific timeframe, and that the ultimate action on the application is discretionary does not mean that Congress intended that the government could indefinitely delay adjudication of the application. There is no indication of such intent in the statute or implementing regulations. To the contrary, the statute is silent with regard to the timeframe. The Administrative Procedures Act therefore provides the timeframe. The timeframe is one of reasonableness. 5 U.S.C. §555(b) and §706(1). Thus, while the INA is silent as to the processing time, the APA

supplies ample authority for the Court to determine whether the agency's action is reasonable.

The Plaintiff now addresses the government's claim that there are two statutory bars to review which deprive the Court of jurisdiction and the government's claim that there is no cause of action under the APA because there is "no law to apply".

## IV.    THE COURT IS NOT DEPRIVED OF JURISDICTION BY INA §242(a)(2)(B)(ii), 8 U.S.C. §1252(a)(2)(B)(ii).

The government's claim that §242(a)(2)(B)(ii) preclude review founders immediately when comparing Plaintiff's request for relief and the language of §242(a)(2)(B)(ii).  Section 242(a)(2)(B)(ii) strips the federal courts of jurisdiction over "any judgment regarding the **granting of relief** under . . . §245 or any other decision or action of the Secretary of Homeland Security that is specified in the title to be under the discretion of the Secretary of Homeland Security".

The Plaintiff is not seeking to compel an approval.  What the Plaintiff is seeking to compel is an adjudication.  Nothing in §242(a)(2)(B) strips the Court of authority to require an adjudication within a reasonable time.  The language of §242(a)(2)(B) is clear.  No Court is to have jurisdiction of a judgment regarding the granting of relief.  The Plaintiff is not requesting judicial review of the granting or denial of relief.  It is the failure to provide an adjudication within a reasonable time that is the subject of this action.

The government places primary reliance upon the decision in *Zhu v. Gonzalez*, 411 F.3d 292 (D.C. Cir. 2005).  This reliance is misplaced.  *Zhu* involved a petition under 8 U.S.C. §1153(b)(2)(A) which granted to the Attorney General the authority to waive the otherwise required labor certification where the Attorney General deems it to be in

the national interest. The statute grants the Attorney General discretion to deem what is in the national interest. The Court did not decide whether judicial review was precluded under the APA but held that §242(a)(2)(B)(ii) did preclude review because the Attorney General had authority to "deem" a waiver to be in the national interest which called upon his expertise and judgment unfettered by any statutory standard. *See, Zhu* at 295. There is no grant of discretion to the Attorney General or Secretary of Homeland Security to not adjudicate an application. *Zhu* involved an attempt at substantive review of the decision of the agency involving discretion. The Plaintiff seeks review of the failure to make a decision within a reasonable time.

Preclusion of federal court jurisdiction is not favored and must be clearly established. *See, INS v. St. Syr*, 533 U.S. 298, 304-05 (2001). *See also, Reno v. American-Arab Anti-Discrimination Commission*, 525 U.S. 471, 482 (1999). The Court in *St. Syr* distinguished eligibility for discretionary relief on the one hand and the favorable exercise of discretion on the other. *St. Syr* at 307. The Court held that while suspension of deportation was a matter of grace, a deportable alien had the right to challenge a failure to exercise discretion authorized by law. *St. Syr* at 308.

Numerous courts have given §252(a)(2)(B) a narrow construction limiting the preclusion to the discretion of the agency. *See, Spencer Enterprises, Inc. v. United States*, 345 F.3d 683 (9th Cir. 2003) limiting the preclusion to actions specified to be in the discretion of the Attorney General. *Spencer* at 690. The Court's analysis was similar to the analysis of the APA preclusion for "agency action committed to agency discretion by law." In *Succar v. Ashcroft*, 394 F.3d 8 (1st Cir. 2005), the issue was whether an "arriving alien" was eligible to apply for adjustment of status. As in this case, the

government argued the whole matter of adjustment of status was discretionary and therefore, not subject to judicial review.  The government argued that since the Attorney General has ultimate discretion to deny adjustment of status after application, the validity of a regulation that precluded the application was itself discretionary.  The First Circuit rejected this argument finding that the mere fact that a statute gives the Attorney General discretion to grant relief does not give the Attorney General discretion to define eligibility for relief.  *See, also, Singh v. Gonzalez,* 413 F.3d 156 (1st Cir. 2005); *and, also Sepulveda v. Gonzalez,* 407 F.3d 59, 62-63 (2nd Cir. 2004).

Cases from the Third Circuit also support a narrow construction to §242(a)(2)(B).  The Third Circuit has limited the jurisdiction stripping provision to specific conferrals of discretion.  *See, Khan v. Attorney General of the U.S.,* 448 F.3d 226 and *Alaka v. Attorney General of the U.S.,* 456 F.3d 88 (2006).  Moreover, in *Pinho v. Gonzalez,* 432 F.3d 193 (3rd Cir. 2005) the Court held that while determination of adjustment of status is ultimately discretionary, that purely legal determinations by the agency was subject to judicial review.  *Pinho* at 204.  The Court in *Pinho* stated "a litigant has a right to a prompt resolution of decisions concerning his status affording him the opportunity to make personal, educational or career plans . . . " *Pinho* at 201.

The Fifth Circuit has also interpreted the jurisdiction stripping provision of §42(a)(2)(B) narrowly.  See *Ahmed v. Gonzalez,* 447 F.3d 433, 436 (5th Cir. 2006).

In summary, it is clear that the Supreme Court and the Courts of Appeals have given the jurisdiction stripping provisions and in particular, §242(a)(2)(B) a narrow construction.

The Seventh Circuit in *Iddir v. INS*, 301 F.3d 492 (7th Cir. 2002) considered a challenge to the then INS failure to adjudicate an applicant's adjustment of status application. The Court cited that the Supreme Court jurisprudence requiring that limitations on the federal jurisdiction must be clear and convincing and a general presumption in favor of judicial review of administrative acts. *Iddir* at 496-497. The Court concluded that in §1252, Congress sought only to preclude review of orders or judgments pertaining to actual discretionary decisions. *Iddir* at 497. The Court held that the failure to act was not a "judgment" or "decision or action" covered by §1252(a)(2)(B). *Iddir* at 500.

The Court held the Plaintiffs had a clear right to have their cases adjudicated. *Iddir* at 500. The Court went on to hold that Plaintiffs were not entitled to relief because the statute under which the application was submitted required adjudication be completed within the fiscal year and the Plaintiffs were now well beyond the fiscal year in which the visas could be issued. The Plaintiff herein is under no such limitation.

The majority of federal courts have found that §1252(a)(2)(B) bar does not apply. *See, Song v. Klapakas,* C.A. No. 06-05589 (E.D. Pa., April 12, 2007). The Court found a non-discretionary duty to adjudicate adjustment of status application that was not barred by §1252 citing *Duan v. Zanberry*, 06-1351, 2007 U.S. Dist. Lexus 12697 (W.D. Pa., Feb. 23, 2007) (collecting cases). In addition, the Court cited *Haidari v. Frazer*, No. 06-3215, 2006 U.S. Dist. Lexus 89177 (D. Min., Dec. 8, 2006). *See, also, Paunescu v. INS,* 76 F.Supp.2d 896, 901 (N.D. Ill., 1999), as well as *Yu v. Brown,* 36 F.Supp.2d 922, 931 (D. N.M. 1999). For a thorough analysis of the difference between a duty to adjudicate a

discretionary motion from the ultimate outcome of the discretionary action, *see, Dabone v. Thornburgh*, 735 F. Supp. 195 (E.D. Pa. 1990).

There are numerous other decisions supporting that Plaintiff. The weight of authority is clearly in the Plaintiff's failure. *See,* for example, the following: *Singh v. Still*, 470 F. Supp.2d 1064; *Aboushabna v. Mueller*, 2007 W.L. 582550 (M.D. Cal., Feb. 23, 2007); *Gelfer v. Chertoff*, 2007 W.L. 902238 (N.D. Cal., Mar. 22, 2007), as well as *Elmalky v. Upchurch*, 2007 W.L. 944330 (N.D. Tex. 2007).

The government cites a number of decisions. A number of these decisions are simply about the ultimate decision on adjustment of status which is clearly discretionary in nature. *See, Memorandum of Points and Authorities in Support of Motion to Dismiss* (hereinafter, "Government's Memorandum at p. 8."). The government cites *Safadi v. Howard,* 466 F.Supp.2d, 696 (E.D. Va., 2006). However, *Safadi* is clearly distinguishable. In *Safadi*, there was an ongoing investigation and the USCIS was still processing information. There is no such ongoing investigation in this matter. It is simply a matter of a bureaucracy that has failed to take action to resolve the Plaintiff's FBI name check. *See, Government Exhibit 1, Declaration of Bradley J. Brouillette* (hereinafter "Brouillette Declaration") at ¶14. *And, also, Government Ex. 2, Declaration of Michal A. Cannon* (hereinafter "Cannon Declaration") at ¶22. There is a clear distinction between a failure to act and an ongoing investigation based on a particular set of facts. In any event, the *Safadi* Court is mistaken in equating the ultimate discretionary decision with a failure to act. Similarly, in *Danilov v. Aguirre*, 370 F. Supp. (E.D. Va. 2005), there was an actual ongoing investigation of the applicant for citizenship. Moreover, the overwhelming weight of authority in the naturalization delay issue is in

favor of the plaintiff.  A single Judge in the Eastern District of Virginia is the only judge
who has accepted the government's argument that there is an overall "examination"
rather than a single examination which triggered at the 120 day deadline.  *See, Castracani
v. Chertoff*, 377 F.Supp.2d 71 (D.D.C., 2005) (finding 120 day period mandatory).

Again, in *Mustafa v. Pasquerell*, 2006 W.L. 488399 (W.D. Tex. 2006), there was
in fact an ongoing investigation into various aliases used by the plaintiff.  In particular,
the USCIS had invoked its authority under 8 C.F.R. §103.2(b)(7) and §103.2(b)(18) with
regard to withholding adjudication pending completion of an investigation.  *Mustafa v.
Pasquerell* at 9-10.  The court in *Mustafa* acknowledged that the plaintiff have a right to
the adjudication of the merits of a visa petition or adjustment of status application.
However, the Court found there was not right to action during a certain time period.
*Mustafa* at 15-16.  The court acknowledged significant contrary authority.  The Court
agreed with the "minority decisions" from District Court for the Southern District of New
York where they have concluded a mandamus relief is unavailable for such delays.

On its facts, *Mustafa* is clearly distinguishable because there was a real ongoing
investigation.  Moreover, the District Court conflated the jurisdictional bar with whether
the government's delay was reasonable.

The decision in *Zahini v. Neufeld*, 2006 W.L. 2246211 (M.D. Fla., 2006) also
relies on the regulation at 8 C.F.R. §103.2(b)(18).  That regulation is inapplicable to this
matter as the regulation has never been invoked by the agency.  The decision in *Blacher
v. Ridge*, 436 F.Supp.2d 602 (S.D. NY, 2006) involves an attempt to review the denial of
a non-immigration visa.  That matter is clearly distinguishable and in any event, wrongly

decided. *See, Soltane v. U.S. Dept. of Justice*, 381 F.3d 143, 146-148 (3rd Cir. 2004) (per then Judge, now Justice Alito).

Similarly, the facts of *Willis-Gomez v. Meissner*, 879 F. Supp. 1120 (W.D. Okla., 1995) are distinguishable. The Court found no jurisdictional bar, but found the government's delay was not unreasonable in light of the particularly suspicious fact pattern. *Alkenani v. Barrows*, 356 F Supp.2d 652 (N.D. Tex.) is a naturalization case. The Court determined that respondents had a clear duty to process the application for naturalization within a reasonable time, citing 5 U.S.C. §555(b). *Alkenani v. Barrows* at 14-15. The Court simply found a fifteen month delay in deciding the appeal was not unreasonable. There was again an ongoing investigation involving criminal activity.

Finally, the government cites the non-precedent decision in *Kale v. U.S. INS*, 37 Fed. Appx. 90, 2002 W.L. 1022012 (5th Cir. 2002). The Court in *Kale* concluded that the plaintiff, who was seeking reconsideration of the denial of a discretionary change of status application simply had no right to relief. The Court held that neither §1252(a)(2)(B)(ii) nor §1252(g) barred the claim. As to §1252(a)(2)(B)(ii), the Court found that while the decision was discretionary, there was no provision that vested the Attorney General with discretionary authority. Accordingly, there was no statutory bar. The Court upheld the government on the merits.

In summary, all of the authority cited by the government is clearly distinguishable. The Plaintiff urges the Court to consider the well reasoned decisions accepting jurisdiction including *Song v. Klapakas, supra* and *Duan v. Zanberry, supra.*

## V.     SECTION 1252(g) DOES NOT PRECLUDE JURISDICTION

The government's claim for preclusion under §1252(g) has been largely rejected. The government cites *Kale v. U.S. INS* as discussed above.  *Kale* plainly holds that the Supreme Court's decision in *Reno v. American-Arab Anti-Discrimination Commission*, 525 U.S. 471 (1999) stands for the proposition that the Supreme Court narrowly construed §1252(g) to apply to three discrete actions as part of deportation proceedings. The Court found a mere fact that deportation proceedings might later be initiated did not bring the case within the narrow reach of §1252(g).  *See, Kale* at p. 3.  The *Kale* decision is the correct reading of *Reno* in that *Reno* held that §1252(g) would apply to only three discrete actions taken by the Attorney General in deportation or removal proceedings. See *Reno* at 482 and 487.

The government extrapolates from *Reno* that litigation would be piecemeal and burdensome if the applicant could challenge various actions.  The Plaintiff is puzzled by this argument.  All the Plaintiff is asking for is that the government complete the FBI name check within a reasonable period of time as required by the APA.  Whether there will be any subsequent litigation is purely speculative and irrelevant.

Moreover, if the section applied to administrative proceedings, the Plaintiff is not challenging any of the action specified to be in the discretion of the Attorney General. What the Plaintiff is challenging is a lack of decision or action. Arguably, the phrase "adjudicate cases" would apply.  However, reading the statute as a whole as opposed to taking that phrase out of context, it is clear that the adjudication of cases that is referred to is in deportation proceedings as explained above.  Further, assuming the statute's

applicability to administrative proceedings, jurisdiction is not withdrawn with regard to a lack of decision or lack of action in adjudicating cases.

## VI.    MANDAMUS JURISIDCTION VESTS BECAUSE THE DEFENDANTS OWE A CLEAR NON-DISCRETIONARY DUTY TO ADJUDICATE THE APPLICATION WITHIN A REASONABLE TIME

The government's argument is that there is no duty to perform the specific act and that Plaintiff must show a clear right to relief as a result of a clear duty and no other adequate remedy. The dispute between the Plaintiff and the Defendants is whether there is a duty to adjudicate within a reasonable time. Mandamus is available where after the Court has resolved any ambiguity in construction of statute or regulations, the result of which is the government has a clear duty to act. As discussed in greater detail below, the Defendants had a clear duty under the Administrative Procedures Act to adjudicate the application within a reasonable time. Further, there is considerable law on what constitutes a reasonable time which will again be discussed below. While the ultimate result of the adjustment of application may not be clear and free from doubt, what is clear and free from doubt is the government's duty to act within a reasonable time.

Again, there is no dispute that mandamus will only lie where there is a clear duty. The government has a clear duty to adjudicate the application for adjustment of status within a reasonable time. Once the Court determines what constitutes a reasonable time, and the government has failed to adjudicate the application, then the Defendants have breached a clear legal duty.

## VII.    THE PLAINTIFF HAS A CLAIM FOR RELIEF UNDER THE APA

The government claims that there is no APA claim because the agency action is committed to agency discretion by law. Once again, the government's claim is

misplaced. The government relies initially on *Brock v. Pierce County*, 476 U.S. 253 (1986) and *Norton v. So. Utah Wilderness Alliance*, 542 U.S. 55 (2004). Both cases are clearly distinguishable. The *Norton v. So. Utah Wilderness Alliance* case involves a broad attack on substantive programmatic decisions made by the secretary. There was a failure to challenge discrete actions taken or not taken by the agency. Clearly, the Plaintiff is not taking any broad scale attack on substantive policy decisions.

The decision in *Brock* outlines the elements of an APA claim at 260 N. 7. The APA provides judicial review for any person adversely affected or aggrieved by agency action made subject to judicial review at §702. Unless a relevant statute preclude judicial review or agency action is committed to agency discretion by law, a complainant adversely affected by the secretary's failure to act on a complaint could bring an action in the District Court. The Court found the protection of the public fisc overrode the 120 day statute of limitations that would have otherwise prohibited the federal government from reclaiming misspent funds. *Brock* is fully supportive of the general principles of APA review finding only on the merits that the government's interests outweighed the application of the statute of limitations.

The government also relies on *Heckler v. Cheney*, 470 U.S. 821 (1985). *Heckler* involved the FDA's refusal to exercise its enforcement power regarding the use of drugs used in executions. The Court held that this type of enforcement decision was not subject to judicial review under the APA. The private citizen's ability to compel government enforcement of a statute is at the height of the government's discretionary authority. There is a presumption that agency decisions not to institute proceedings are unreviewable under 5 U.S.C. §701(a)(2).

The government's claim that there is no law to apply is simply incorrect. In two instances, the APA itself provides law to provide which is that the adjudication must be take place within a reasonable time and that the failure to act within a reasonable time is subject to judicial review. Further, the agency itself has its own processing standards including its publicly stated processing time. A copy of the processing time is attached as Exhibit "A". The regulations themselves supply law to apply. 8 C.F.R. §103.2(b)(18) provides for withholding of adjudication for further investigation. Even that provision provides a limit of two years to adjudicate the application. Thus, even under the particular circumstances described in that provision, the regulations provide for a two year limit. The application submitted by the plaintiff is now well over three years old.

Moreover, the DC Circuit has established a framework for analyzing what constitutes unreasonable delay. *See, Beyond Pesticides v. Johnson*, 407 F.Supp.2d 38 (D.C. DC, 2005). The Court in *Beyond Pesticides* looked to the factors set forth in the DC Circuits decision in *Telecommunications Research & Action Center v. FCC*, 242 U.S. App. DC 222, 750 F.2d 70, 79-80 (DC Cir. 1984) ("TRAC Factors"). The TRAC Factors include a "rule of reason". Consideration is given to whether Congress has provided a timetable or other indication of the speed at which it expects the agency to act; whether the delay is in the economic regulation or in human health and welfare; the effect of expediting delayed action on the agency; the nature and extent of the interest prejudiced by delay; and there is no requirement that the court find any agency impropriety. See TRAC at 79-80.

With regard to the first TRAC Factor, Congress has clearly intended through the APA that the agency act within a reasonable time. The Congress has not set a specific

timetable.  Consideration of the effect on the Plaintiff is that she is in a state of limbo.
She is neither in a nonimmigrant status nor immigrant status.  It is the government's
claim that she can be left in limbo permanently.  With regard to the effect on the
government agency, the Plaintiff is not a "line jumper".  In fact, the line has left her far
behind.  The normal processing time of an application such as the one filed by her is
approximately six to eight months.  Clearly, she is not seeking a priority over others.  The
government seeks to define the universe of applicants as those subject to long delayed
FBI name checks.  If that were the mode of analysis, then no period of time would ever
be unreasonable and the government could delay action forever.  The Plaintiff's prejudice
is clear.  She is denied the benefits of permanent residence status and the accrual of time
for U.S. citizenship.  These are compelling interests.  These interests far outweigh the
government's bureaucratic claims to be able to delay indefinitely the resolution of routine
name checks.

There is no ongoing investigation with regard to the Plaintiff.  The government
has never invoked the regulation which permits an extended period of investigation.  All
that is at stake for the government is its unbridled discretion to fail to act.

Accordingly, there is significant law to apply and when that law is applied, the
government's actions are clearly unreasonable.

## VIII.  CONCLUSION

The relief sought is that the government be compelled to complete the required
FBI name checks with regard to the Plaintiff and to then exercise its discretion to grant or
deny the application for adjustment of status.  This nondiscretionary duty is enforceable

under the mandamus act, as well as under the Administrative Procedures Act, together

with 8 U.S.C. §1331.

Respectfully Submitted,

*/s/ Thomas A. Elliot*
Thomas A. Elliot, Esquire
D.C. Bar No. 259713
Elliot & Mayock, LLP
1629 K Street, N.W., Suite 1250
Washington, DC 20006-1641
(202) 429-1725

*/s/Lawrence H. Rudnick*
Lawrence H. Rudnick, Esquire
PA Bar No. 21642
Steel, Rudnick and Ruben
1608 Walnut Street, Suite 1500
Philadelphia, PA  19103
(215) 546-4333

Dated: May 16, 2007          Attorneys for Plaintiff, Zaigang Liu

# EXHIBIT A

Case 1:07-cv-06263-EGS    Document 7-2    Filed 05/16/2007    Page 2 of 3



Home   Contact Us   Site Map   FAQ

Search   

Advanced Search

Services & Benefits    Immigration Forms    Laws & Regulations    About USCIS    Education & Resource    Press Room

[ Print This Page ]    [ Back ]

## U.S. Citizenship and Immigration Services
## Vermont Service Center Service Center Processing Dates
## Posted April 18, 2007

**Notice**: U.S. Citizenship and Immigration Services (USCIS) has improved the reporting procedure for processing times of immigration benefit applications. In the past, USCIS benefit processing reports indicated the specific type of applications or petitions that were being processed and the date the cases were received. However, the date the case was received did not provide a clear indication of when USCIS expected to complete the case, nor did it provide a clear indication of USCIS' commitment to process cases within a certain cycle time. It also did not align with the processing times and cycle times the agency reports in other contexts.

This improved reporting procedure is an effort to give our customers more accurate information that better reflects current processing time and USCIS service level commitments. Effective immediately, when we are completing applications and petitions within our service level goals we will report that as the processing time. For example, when our service level goal is to process a particular kind of case within six months, and if our processing time is six months or less, we will show a date consistent with our service level goal because that reflects our commitment.

When we are not meeting our service level goal, the date posted will reflect the filing date of cases that are being completed. It should be noted that while in some instances reported processing dates may appear to have regressed due to this change, they do not reflect a lengthening of USCIS processing times, but simply the change in reporting. Our goal is to provide accurate projections and thus give customers clear expectations as to what they can expect as a processing time.

**There are several important exceptions to the processing times shown below:**

- Case processing will be delayed if we must ask you for more evidence or information.
  If we ask for missing required initial evidence, count the processing time from when we receive that missing evidence.
- The case processing timeframe will start over if a customer doesn't appear for an interview or asks that it be rescheduled.

**What if I have a problem or have questions about a case?**

We offer a variety of services after you file. For example, for most kinds of cases you can check the status of your case online.

For more information about when and how to contact us, whether your case is outside our processing time or if there are other issues, please see our fact sheet –

Case Services - How do I... know what kind of services are available to me after I file my application or petition?

One additional point about these projections. They are the time to complete processing and mail the actual notice and/or document. If you check case status online and see that your case has been approved, and you haven't yet received your approval notice or document in the mail, we ask that you wait thirty days from the approval date before contacting us. That is because it may take that long before it is returned to us as undeliverable. You can also print the case status online answer for your records.

Service Center Processing Dates for **Vermont Service Center** Posted April 18, 2007

| Form | Title | Classification or Basis for Filing | Now Processing Cases with Receipt Notice Date of |
|------|-------|-----------------------------------|--------------------------------------------------|
| I-90 | Application to Replace Permanent Resident Card | Initial issuance or replacement | July 09, 2006 |
| I-90A | Application to Replace Permanent Resident Card | Initial issuance or replacement for Special Agricultral Workers (SAW) | August 04, 2005 |
| I-102 | Application for Replacement/Initial Nonimmigrant Arrival/Departure Record | Initial issuance or replacement of a Form I-94 | January 08, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Visa to be issued abroad | February 13, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Change of status in the U.S. | February 13, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Extension of stay in the U.S. | February 13, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | H-2A - Temporary workers | March 31, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | H-2B - Other temporary workers | March 16, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | H-3 - Temporary trainees | February 13, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | L - Intracompany transfers | March 16, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | Blanket L | February 13, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | O - Extraordinary ability | February 13, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | P - Athletes, artists, and entertainers | February 13, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | Q - Cultural exchange visitors and exchange visitors participating in the Irish Peace process | February 13, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | R - Religious occupation | February 13, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | TN - North American Free Trade Agreement (NAFTA) professional | February 13, 2007 |
| I-129F | Petition for Alien Fiance(e) | K-1/K-2 - Not yet married - fiance and/or dependent child | October 14, 2006 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for a spouse, parent, or child under 21 | March 12, 2006 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for an unmarried son or daughter over 21 | February 26, 2006 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for a married son or | March 12, 2006 |

|  |  |  | daughter over 21 |  |
|---|---|---|---|---|
| I-130 | Petition for Alien Relative | | U.S. citizen filing for a brother or sister | October 07, 2000 |
| I-130 | Petition for Alien Relative | | Permanent resident filling for a spouse or child under 21 | October 22, 2005 |
| I-130 | Petition for Alien Relative | | Permanent resident filling for an unmarried son or daughter over 21 | March 12, 2006 |
| I-131 | Application for Travel Document | | All other applicants for advance parole | January 13, 2007 |
| I-140 | Immigrant Petition for Alien Worker | | Extraordinary ability | April 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | | Outstanding professor or researcher | April 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | | Multinational executive or manager | April 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | | Schedule A Nurses | April 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | | Advanced degree or exceptional ability | April 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | | Advanced degree or exceptional ability requesting a National Interest Waiver | April 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | | Skilled worker or professional | April 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | | Unskilled worker | April 01, 2006 |
| I-212 | Application for Permission to Reapply for Admission into the U.S. After Deportation or Removal | | Readmission after deportation or removal | January 10, 2006 |
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | | Violence Against Women Act (VAWA) | July 04, 2006 |
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | | All other special immigrants | May 06, 2006 |
| I-485 | Application to Register Permanent Residence or to Adjust Status | | Employment-based adjustment applications | April 30, 2006 |
| I-539 | Application to Extend/Change Nonimmigrant Status | | Change of status to H or L dependents | January 13, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | | Change status to the F or M academic or vocational student categories | January 13, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | | Change Status to the J exchange visitor category | January 13, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | | All other change of status applications | January 13, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | | Extension of stay for H and L dependents | January 13, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | | Extension of Stay for F or M academic or vocational students | January 13, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | | Extension of Stay for J exchange visitors | January 13, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | | All other extension applications | January 13, 2007 |
| I-612 | Application for Waiver of the Foreign Residence Requirement | | Application for a waiver of the 2-year foreign residence requirement based on exceptional hardship or persecution | August 27, 2006 |

| I-751 | Petition to Remove the Conditions on Residence | Removal of lawful permanent resident conditions (spouses of U.S. citizens and lawful permanent residents | September 01, 2006 |
|-------|-----------------------------------------------|-----------------------------------------------------------------------------------------------------------|--------------------|
| I-765 | Application for Employment Authorization | Based on a request by a qualified F-1 academic student. [(c)(3)] | January 27, 2007 |
| I-765 | Application for Employment Authorization | Based on a pending asylum application [(c)(8)] | March 17, 2007 |
| I-765 | Application for Employment Authorization | Based on a pending I-485 adjustment application [(c)(9)] | January 27, 2007 |
| I-765 | Application for Employment Authorization | Based on TPS for Honduras/Nicaragua [(c)(19), (a)(12)] | January 27, 2007 |
| I-765 | Application for Employment Authorization | Based on TPS for El Salvador [(c)(19)(a)(12)] | January 27, 2007 |
| I-765 | Application for Employment Authorization | All other applications for employment authorization | January 27, 2007 |
| I-817 | Application for Family Unity Benefits | Voluntary departure under the family unity program | December 29, 2005 |
| I-821 | Application for Temporary Protected Status | El Salvador initial or late filing | July 01, 2006 |
| I-821 | Application for Temporary Protected Status | El Salvador extension | July 01, 2006 |
| I-821 | Application for Temporary Protected Status | Honduras and Nicaragua initial or late filing | July 01, 2006 |
| I-821 | Application for Temporary Protected Status | Honduras and Nicaragua extension | July 01, 2006 |
| I-824 | Application for Action on an Approved Application or Petition | To request further action on an approved application or petition | August 30, 2006 |
| N-600 | Application for Certification of Citizenship | Application for recognition of U.S. citizenship | January 13, 2007 |
| N-643 | Application for Certification of Citizenship on Behalf of an Adopted Child | Application for recognition of U.S. citizenship on behalf of an adopted child | October 14, 2006 |

[ Print This Page ]    [ Back ]

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ZAIGANG LIU,                )
                             )
         **Plaintiff,**        )
     **v.**                   )   **CIVIL ACTION NO. 07-263 (EGS)**
                             )
PAUL NOVAK, et al.      )
                             )
        **Defendants.**    )

## O R D E R

AND NOW, this _____ day of _____, 2007, upon consideration of Plaintiff's Motion for Summary Judgment and Memorandum of Points and Authorities in Opposition to Motion to Dismiss and in Support of Plaintiff's Motion for Summary Judgment, IT IS HEREBY ORDERED THAT:

Plaintiff's Motion is GRANTED and that Plaintiff's application for adjustment of status be adjudicated within 30 days; Defendant's Motion to Dismiss is hereby DENIED.

_____
Emmet G. Sullivan
United States District Judge