UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZAIGANG LIU, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 07-263 (EGS) |
| | ) |
| PAUL NOVAK, et al., | ) |
| | ) |
| | ) |
|     Defendants. | ) |

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants Paul Novak, Director, Vermont Service Center, U.S. Department of Homeland Security, U.S. Citizen and Immigration Services; Emilio Gonzalez, Director, U.S. Citizenship & Immigration Services; and Robert S. Mueller, III, Director, Federal Bureau of Investigation, by counsel, hereby file the following reply to plaintiff's opposition to defendants' motion to dismiss and opposition to plaintiff's motion for summary judgment..

I.     **USCIS's Decision To Withhold Adjudication Of Adjustment Of Status Until Favorable Completion Of All Mandatory Security Background Checks, Falls Within Discretionary Statutes And Regulations, Stripping This Court Of Jurisdiction.**

The Secretary of Homeland Security is charged with the administration and enforcement of all laws relating to the immigration and naturalization of aliens, and to maintain direct and continuous liaison with the FBI, CIA, and other internal security officers of the United States, for the purpose of enforcing the immigration laws in the interest of the internal and border security of the United States.  See 8 U.S.C. §§ 1103; 1105.  Further, the Secretary of Homeland Security shall establish such regulations, issue such instructions, and perform such other acts *as he deems*

*necessary* for carrying out his authority. See id. Adjustment of status applications require an FBI name check, and the immigration regulations provide that the FBI name check is a part of the adjustment application itself. See 8 C.F.R. §§ 103.2(a)(1); 245.2(a)(3) (Form G-325A is the FBI name check form). The Secretary of Homeland Security, through delegation to the USCIS Director, has determined that it is necessary to complete all criminal and national security background checks prior to approval of any application for adjustment of status or naturalization. The decisions and actions of USCIS to require withholding of approval of an adjustment of status application until the background checks are completed, fall squarely within the discretionary decision-making authority of the Secretary of Homeland Security.

This same issue was recently addressed in Grinberg v. Swacina, 478 F.Supp.2d 1350 (S.D. Fla. 2007), wherein plaintiffs initiated an "action for *mandamus* relief to compel [d]efendants to adjudicate their applications for adjustment of immigration status." See id. at 1352. Plaintiffs "filed Forms I-485 with the Immigration and Naturalization Service ("INS") to become permanent residents of the United States under Section 245 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255(a)." Id. USCIS transferred plaintiffs' applications to their Miami office for processing. Id. "The USCIS requested that the FBI review [plaintiffs'] records and report any relevant information on January 6, 2003." Id. Plaintiffs subsequently "attended their scheduled adjustment of status interview at the Miami District Office." Id. at 1353. At the time plaintiffs filed their lawsuit, more than five years "had elapsed since the INS issued receipts for their applications, and three years since their interviews at the Miami office."

The "issue between the parties is whether Congress intended the pace at which an adjustment of status application is processed to come within the ambit of a discretionary, and

hence non-reviewable, 'action.'" Id. The court elected "to follow the majority of courts that have dismissed similar actions for lack of subject matter jurisdiction, under the rationale that" the INA precludes "judicial review of any discretionary 'decision or action' of the Attorney General in immigration matters." Id. at 1352 (citations omitted). The majority of courts "have held that this phrase includes the pace at which immigration decisions are made." Id. (citation omitted). In coming to its conclusion, the court followed the logic of Safadi v. Howard, 2006 WL 3780417 (E.D.Va. Dec. 20, 2006), and held "that the term 'action' encompasses delays in the process and precludes *mandamus* relief. Therefore, section 242(a)(2)(B) precludes *mandamus* jurisdiction over this matter. Id. at 1354.

Because the facts in this case mirror those in Grinberg, this Court should reach the same conclusion and determine that it lacks jurisdiction.

### III. Conclusion

For the foregoing reasons, defendants respectfully request that the Court dismiss this case for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) and/or for failure to state a claim, and that the Court deny plaintiff's motion for summary judgment.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/
ALEXANDER D. SHOAIBI
Assistant United States Attorney
555 4th Street, N.W. Rm. E 4112
Washington, D.C. 20530

## CERTIFICATE OF SERVICE

I hereby certify that on this  29th   day of June 2007, I caused the foregoing Defendant's Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss and Opposition to Motion for Summary Judgment to be served by first class mail on plaintiff, postage prepaid, addressed as follows

        **Thomas Elliot**
        **Elliot and Mayock**
        **1629 K Street, NW, 12th Floor**
        **Washington, DC 20006-1641**

        **Lawrence H. Rudnick**
        **Steel, Rudnick, and Ruben**
        **1608 Walnut Street, Suite 1500**
        **Philadelphia, PA 19103**

          /s/
        ALEXANDER D. SHOAIBI
        Assistant United States Attorney

Case 1:07-cv-00263-EGS     Document 11     Filed 06/29/2007     Page 6 of 6